22-6192
Sherpa v. Garland

BIA
Palmer, IJ
A208 571 495

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand twenty-four.

PRESENT:
> JOSÉ A. CABRANES,
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> > *Circuit Judges.*

_____

ANG NGIMA SHERPA,
> *Petitioner,*

v.                                                            **22-6192**

                                                             NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Durga Prasad Bhurtel, Esq., Bhurtel Law Firm, PLLC, New York, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Justin R. Markel, Paul Fiorino, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ang Ngima Sherpa, a native and citizen of Nepal, seeks review of a March 24, 2022 decision of the BIA affirming a September 6, 2019 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ang Ngima Sherpa,* No. A208 571 495 (B.I.A. Mar. 24, 2022), *aff'g* No. A208 571 495 (Immigr. Ct. N.Y. City Sept. 6, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings for substantial evidence and questions of law and application of law to fact de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator

would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

We deny the petition as to asylum and withholding of removal. An applicant for asylum and withholding of removal has the burden to establish past persecution or a fear of future persecution. 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(a)-(b), 1208.16(b). "To qualify as persecution the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (quotation marks omitted). "Under the unwilling-or-unable standard, a finding of persecution ordinarily requires a determination that government authorities, if they did not actually perpetrate or incite the persecution, condoned it or at least demonstrated a complete helplessness to protect the victims." *Singh v. Garland*, 11 F.4th 106, 114–15 (2d Cir. 2021) (quotation marks omitted).

Sherpa has not demonstrated error in the agency's conclusion that he failed to establish that Nepali authorities were unwilling or unable to protect him from Maoists. Sherpa conceded that he never reported Maoist abuses to any authorities. The agency reasonably found that the presented evidence of Nepal's

3

conditions did not support Sherpa's belief that reporting to police would have been futile. Although Sherpa's evidence documents political violence, mainly by the Biplab Maoists, it also reflects that the Nepalese government has banned and arrested members, and seized weapons from the Biplab Maoist party. The articles submitted by the Department of Homeland Security show even more drastic government actions, including the arrest of over 600 Biplab cadres for anti-election activities. Moreover, these articles detail actions taken by the Nepalese government in 2018 and 2019—when the Maoists were the ruling party—thus undercutting Sherpa's claim that the police are heavily influenced by politics and would not help him for political reasons. This evidence of authorities arresting hundreds of Maoist militants and seizing weapons indicates that the Nepalese government does not condone and is not completely helpless to protect Sherpa from Maoist militants. *See Garland v. Ming Dai*, 593 U.S. 357, 366 (2021) ("[S]o long as the record contains . . . evidence of a kind and quality that a reasonable factfinder could find sufficient, a reviewing court may not overturn the agency's factual determination." (quotation marks omitted)).

Sherpa's additional arguments are also unpersuasive. First, he asserts that the IJ disregarded his testimony that he did not notify the police of the threats or

4

attack because his father-in-law and his wife's uncle had been police officers, who either resigned because of Maoist threats or fell victim to a Maoist attack. "[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006). Here, the IJ explained—at the hearing and in his decision—that he was considering Sherpa's testimony, and his decision included a "brief summary" of that testimony. While that summary did not mention the experiences of Sherpa's relatives, the omission does not "compellingly suggest[]" that the IJ did not consider Sherpa's testimony.

Second, Sherpa argues that the agency placed too much reliance on State Department reports while discounting his expert's affidavit. We have cautioned that IJs "should be careful not to place excessive reliance on published reports of the Department of State," and noted that the State Department's "observations do not automatically discredit contrary evidence presented by the applicant, and they are not binding on the immigration court." *Tian-Yong Chen v. INS*, 359 F.3d 121, 130 (2d Cir. 2004). Here, however, the IJ cited multiple articles in addition to the State Department report.

Sherpa's argument that the agency "summarily dismiss[ed]" his expert's

affidavit is also unpersuasive. "[W]hen the [IJ] makes a factual finding that is not consistent with an expert's opinion, it is important . . . to explain the reasons behind the factual findings." *Matter of M–A–M–Z–*, 28 I. & N. Dec. 173, 177–78 (B.I.A. 2020); *see also Ojo v. Garland*, 25 F.4th 152, 174 (2d Cir. 2022) (remanding where agency "failed to analyze unrebutted evidence, including an expert declaration, that was material to [applicant's] claim"). Here, the IJ considered the expert's affidavit but found that "very little evidence" supported the expert's conclusions that Maoist groups target supporters of the Nepali Congress Party (NCP) and that the police are unwilling and unable to protect NCP members who are being targeted. The IJ cited multiple articles to explain why its findings departed from the expert's, and Sherpa does not identify specific evidence in the expert's report that the IJ overlooked. Thus, Sherpa has not established that the agency ignored material information in the expert's affidavit. His challenges to the weight the agency gave his evidence are otherwise insufficient to show agency error. *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 593–94 (2d Cir. 2021) ("[S]ubstantial evidence review does not contemplate any judicial reweighing of evidence. Rather it requires us to ask only whether record evidence compelled a[] . . . finding different from that reached by the agency.").

6

We also deny the petition as to Sherpa's CAT claim because he has waived any challenge to a dispositive basis for the denial of that relief. "In assessing whether it is more likely than not that an applicant would be tortured in the proposed country of removal, all evidence relevant to the possibility of future torture shall be considered, including . . . [e]vidence that the applicant could relocate to a part of the country of removal where he . . . is not likely to be tortured." 8 C.F.R. § 1208.16(c)(3)(ii). The determination that an applicant could internally relocate to avoid torture "disposes of [an applicant's] claim for relief under the CAT." *Singh*, 11 F.4th at 118. Noting that Nepal permits freedom of internal movement, the IJ found that Sherpa "ha[d] not provided sufficient evidence that he could not live safely in other parts of Nepal." CAR 71. As the BIA found, Sherpa did not challenge the IJ's relocation finding on appeal, and Sherpa's conclusory statement in his brief here—that his "background, testimony, and supporting documents show that it is more likely than not" that he would be tortured, Petitioner's Br. at 32—is not a challenge to the BIA's waiver finding, which is all we may review. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *see also Prabhudial v. Holder*, 780 F.3d

7

553, 555 (2d Cir. 2015) ("[T]his Court's review is limited to whether the BIA erred in deeming the argument waived.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court